```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

JOHN TRISVAN,

              Plaintiff,          **MEMORANDUM & ORDER**
                                                  21-CV-5684(EK)(LB)
       -against-

JOSEPH R. BIDEN, JR., et al.,

              Defendants.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff John Trisvan filed this *pro se* action on October 8, 2021 against President Joseph R. Biden, Jr.; former Mayor Bill de Blasio;[1] the United States Department of Labor (DOL); the Occupational Safety and Health Administration (OSHA); the Brooklyn Academy of Music; the New York Convention Center Operating Corporation (commonly known as the "Javits Center"); and the "United Postal Service," which appears to be a reference to the United Parcel Service (UPS).[2]  Compl., ECF No. 4.

---

[1] Eric Adams became the Mayor of New York City on January 1, 2022. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Eric Adams is substituted for Mayor de Blasio.  The Clerk of Court is respectfully directed to update the caption accordingly.

[2] The complaint lists the address for the "United Postal Service" as 55 Glenlake Parkway NE, Atlanta, Georgia 30328.  Compl. 2.  According to the records of the Georgia Corporations Division, this address corresponds to United Parcel Service, Inc. (the private company) rather than the United States Postal Service.  *See Zhu v. Matsu Corp*, No. 18-CV-0203, 2022 WL 972422, at *20 n.4 (D. Conn. Mar. 31, 2022) (taking judicial notice of the registered address of a corporation "based on a Connecticut Business Records Search").

Trisvan's claims are premised on vaccination requirements imposed by the federal government and the City of New York. His application to proceed *in forma pauperis* is granted solely for the purpose of this order, but his Complaint is dismissed without prejudice, as set forth below.

## I.  Background

Trisvan alleges that his religious beliefs prevent him from receiving the COVID-19 vaccination. Compl. 4. His Complaint sets out three categories of complaints that stem from his unvaccinated status.

*First*, Trisvan claims that because of his unvaccinated status, the Brooklyn Academy of Music refused to allow him to attend a showing of *The Lost Daughter*. Compl. 3. Similarly, he alleges that New York Convention Center Operating Corporation refused to allow him to attend the "International Franchising Expo" at the Javits Center. *Id.*

*Second*, Trisvan alleges that he sought employment from UPS but was told he could not work for that entity unless and until he obtained a COVID-19 vaccine. Compl. 4.

*Third*, Trisvan claims that President Biden unlawfully issued, and DOL and OSHA unlawfully enforced, two executive orders: Executive Order 14042, titled "Executive Order on Enduring Adequate COVID Safety Protocols for Federal Contractors"; and Executive Order 14043, "Executive Order on

2

Requiring Coronavirus Disease 2019 Vaccination for Federal Employees." Compl. 4-5. Similarly, he claims that Mayor De Blasio unlawfully promulgated Emergency Executive Order 225, which prohibits patrons from entering indoor business areas without proof of vaccination status. Compl. 1.

As grounds for relief, Trisvan cites 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Eighth, Tenth, and Fourteenth Amendments to the U.S. Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112-12117. He seeks compensatory and injunctive relief.

## II. Standards of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss an *in forma pauperis* action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (district court should dismiss an action for lack of subject

3

matter jurisdiction pursuant to Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it").[3]

### III. Discussion

Trisvan has failed to state a claim for any asserted cause of action. I discuss each in turn.

### A. Title VII and ADA Claims

Trisvan claims that UPS violated the ADA and Title VII in refusing to hire him. Compl. 4.[4] But he has failed to allege that he has exhausted his administrative remedies, as required to sustain an action under either statute. *See McPartlan-Hurson v. Westchester Cmty. Coll.*, 804 F. App'x 41, 43 (2d Cir. 2020) ("Pursuant to Title VII and the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC within 300 days of a discriminatory act."). Thus, those claims are dismissed under Section 1915(e)(2)(B)(ii). *Matos v. Hove*, 940 F. Supp. 67, 71 (S.D.N.Y. 1996) (a plaintiff's "Title VII claims must be dismissed [if] she has failed to exhaust her administrative remedies"); *Shrira v. State Univ. of N.Y. at*

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[4] I construe this claim to be asserted against UPS only because the complaint does not contain a "short and plain statement" asserting grounds for relief against any other defendant under Title VII or the ADA. *See* Fed. R. Civ. P. 8(a). In dismissing this claim for failure to exhaust administrative remedies, I express no view (at this time) on whether Trisvan's ADA or Title VII allegations are sufficient to state a claim on which relief could be granted.

4

*Buffalo*, No. 02-CV-323A, 2004 WL 1083241, at *2 (W.D.N.Y. Feb. 10, 2004) (same, for ADA claims).

**B.   Section 1985 Claims**

Trisvan has likewise failed to state a claim under 42 U.S.C. § 1985.  "[T]o make out a violation of § 1985(3) . . . , the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Brotherhood of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 103 S. Ct. 3352, 3356 (1983).

A "conspiracy" requires, for purposes of Section 1985, "a plurality of actors committed to a common goal."  *Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 456 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 899 (2d Cir. 1999).  The Court is unable, even with a liberal eye and broad construction, to identify any factual allegations supporting the existence of a conspiracy.  This claim therefore is dismissed.  *See Geldzahler v. New York Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) ("[D]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief," and

"the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it.").

**C.    Section 1983 Claims**

The complaint also falls short of alleging facts sufficient to support an entitlement to relief under 42 U.S.C. § 1983.

1.   <u>Private Defendants</u>

Generally speaking, Section 1983 applies only to the conduct of state actors, not private entities.  *See Chin v. Bowen*, 833 F.2d 21, 23 (2d Cir. 1987).  As UPS and the Brooklyn Academy of Music are private entities, this cause of action is dismissed as against them.

2.   <u>Federal Defendants</u>

President Biden is a federal government official; thus, claims against him "would not arise under § 1983, which applies to state government officials." *Young v. Trump*, No. 20-CV-1546, 2020 WL 1331942, at *2 (S.D.N.Y. Mar. 20, 2020) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017)).  And "Section 1983 does not provide plaintiff with a right of action to sue a federal agency" such as DOL or OSHA.  *In re Zyprexa Prod. Liab. Litig.*, No. 04-MDL-1596, 2007 WL 2332544, at *1 (E.D.N.Y. Aug.

6

15, 2007). Thus, the Section 1983 claims against those defendants are dismissed.[5]

3. <u>Mayor of New York</u>

Trisvan's Section 1983 claim against the Mayor of New York City is dismissed as moot, to the extent he is seeking injunctive relief.[6] The basis of Trisvan's claim against the Mayor is Emergency Executive Order 225. Compl. 4. Order 225 required indoor entertainment, recreation, dining, and fitness facilities to deny entry to patrons and employees unless the individual displayed proof of Covid-19 vaccination. *See* Office of the Mayor, City of New York, Emergency Executive Order 225, Key to NYC: Requiring COVID-19 Vaccination for Indoor Entertainment, Recreation, Dining and Fitness Settings (Aug. 16, 2021), https://www1.nyc.gov/office-of-the-mayor/news/225-001/emergency-executive-order-225.

---

[5] Even if construed as alleging claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Trisvan still has not adequately stated a claim, because neither the President of the United States nor federal agencies may be sued under *Bivens*. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 n.27 ("[T]he President is absolutely immune from civil damages liability for his official acts in the absence of explicit affirmative action by Congress."); *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (refusing to extend *Bivens* to "agencies of the Federal Government").

[6] Trisvan does not allege that he is entitled to monetary damages from New York City as a result of Emergency Executive Order 225, at least not in a manner that satisfies the pleading requirements of the Federal Rules of Civil Procedure. *See* Compl. 4; *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

7

However, on February 27, 2022, Mayor Eric Adams lifted that order effective March 7, 2022. *See* Office of the Mayor, City of New York, Mayor Adams' Statement on Mask Mandates in Schools, Vaccine Mandates Across NYC (Feb. 27, 2022), https://www1.nyc.gov/office-of-the-mayor/news/096-22/mayor-adams-on-mask-mandates-schools-vaccine-mandates-across-N.Y.C. The Court may take judicial notice of that municipal act. *Cf. Polo v. City of New York*, No. 12-CV-3742, 2013 WL 5241671, at *1 (E.D.N.Y. Sept. 17, 2013) (taking judicial notice of a municipal law).

Federal courts "lack jurisdiction to review an appeal that is moot." *Reale v. Lamont*, No. 20-3707-CV, 2022 WL 175489, at *1 (2d Cir. Jan. 20, 2022). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015). Because Order 225 has been rescinded, any claim for equitable relief on this basis is now moot. *See, e.g., Chrysafis v. Marks*, 15 F.4th 208, 213 (2d Cir. 2021) ("Constitutional challenges to statutes are routinely found moot when a statute is amended."); *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 377 (2d Cir. 2004) ("[W]e are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the

defendant intends to reinstate the challenged statute after the litigation is dismissed, or that the municipality itself does not believe that the amendment renders the case moot.").

To the extent Trisvan is seeking monetary damages on this claim, rather than injunctive relief, the claim is dismissed for failure to state a claim.  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Read liberally, Trisvan's Complaint alleges that he was subject to religious discrimination.  But it says little to nothing about how. Trisvan "fails to mention his religious beliefs and fails to state how [the defendant] failed to accommodate his alleged religious beliefs," which runs afoul of Rule 8(a) and therefore "fails to state a claim of religious discrimination."  *Smith v. Frichtl Steel & Welding*, No. 04-CV-4239, 2005 WL 1267203, at *1 n.1 (S.D. Ill. Apr. 29, 2005).

   4. New York Convention Center Operating Corporation (Javits Center)

That leaves Trisvan's claim against the New York Convention Center Operating Corporation, a New York State Legislature-created "public benefit corporation" that operates the Javits Center in Manhattan.  *See Aguilar v. N.Y. Convention Ctr. Operating Corp.*, 174 F. Supp. 2d 49, 50 (S.D.N.Y. 2001).

But given that the Corporation is the only remaining defendant at this point, Trisvan's claims against it are not properly filed here.

Pursuant to 28 U.S.C. § 1391, venue is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). A corporation resident (and subject to personal jurisdiction) in a state with more than one judicial district is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d).

The Court takes judicial notice of the fact that the Javits Center is located in New York County. *See Aguilar*, 174 F. Supp. 2d at 50; Compl. 2-3. His claims thus arose in Manhattan, in the Southern District of New York. *See* Compl. 3-4 ("Plaintiff attempted to attend the International Franchising

Expo . . . held by Defendant New York Convention Center Operating Corp., at the Javits Center, located at 429 11th Avenue, New York, NY 10001 . . . ."). Trisvan also alleges no facts indicating that the Corporation would be subject to personal jurisdiction in this District if it were a separate state. Accordingly, Trisvan's Section 1983 claim against the Corporation should have been brought in the United States District Court for the Southern District of New York, which encompasses New York County. *See* 28 U.S.C. § 112(b).[7] The Court therefore dismisses this claim. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

## IV. Conclusion

For these reasons, Trisvan's Section 1983 claim against the New York Convention Center Operating Corporation is dismissed for failure to file in the correct district, and his remaining claims are dismissed for failure to state a claim. The Clerk of Court is directed to enter judgment and to close this case.

---

[7] The undersigned previously was a member of the Board of Directors of the Corporation, but that affiliation ended in 2017 — long before the events recounted in Trisvan's Compolaint, which took place in 2021.

11

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also respectfully directed to mail a copy of this order to Trisvan and note the mailing on the docket.

SO ORDERED.

                                                  /s/ Eric Komitee
                                                  ERIC KOMITEE
                                                  United States District Judge

Dated:    July 30, 2022
            Brooklyn, New York